**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MID-CONTINENT CASUALTY
INSURANCE COMPANY,

        Plaintiff,

v.                                                          Case No. 6:13-cv-446-Orl-37DAB

THE LAW OFFICES OF JIM MCCRAE;
PARAGON CONSTRUCTION GROUP,
INC.; HOAR CONSTRUCTION LLC;
and THE UNITED STATES OF
AMERICA,

        Defendants.
_____

**ORDER**

This cause is before the Court on Mid-Continent Casualty Insurance Company's ("MCC") and Hoar Construction LLC's ("Hoar") Joint Motion to Realign Parties (Doc. 56), filed September 19, 2013. Both MCC and Hoar hold funds that comprise the common fund at issue in this interpleader. (*Id.*) Hoar has already instituted a counterclaim interpleader in this action. (*Id.*; *see also* Doc. 11, ¶ 18.) Therefore, Hoar and MCC seek to have Hoar realigned with MCC as a party plaintiff. (Doc. 56.) None of the other Defendants objected to the motion.

As Hoar is not a claimant in this interpleader, but rather a holder of funds, the Court finds that its realignment as a party plaintiff is appropriate. *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69–70 (1941) (in the context of realignment for diversity jurisdiction purposes, holding that courts must look beyond the pleadings and arrange the parties according to their real interest in the suit). The motion is therefore due to be granted.

The Court notes at this juncture that it has not been asked to, nor can it, determine the amounts respectively due to the fund from MCC and Hoar—if that had been the case, interpleader may not have been appropriate. Instead, the Court's role at the summary judgment stage will be simply to determine what each claimant is owed from the common fund. Although the fund may have two contributors, those contributors are fixed, there is a single fund, and there are multiple claimants to that single fund. *Cf. Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1100–01 (5th Cir. 1992) (noting that interpleader will not lie where there are multiple, unidentifiable funds with different claimants to each). Thus, interpleader of this single, identifiable fund is proper here, despite having multiple contributors as Plaintiffs. *See Zimmerman v. Cade Enters., Inc.*, 34 So. 3d 199, 202–03 (Fla. 1st DCA 2010) (stating that the only requirement for interpleader is that there be multiple liability for competing claims to a single fund).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion to Realign Parties (Doc. 56) is **GRANTED**.

2. Hoar Construction LLC is **REALIGNED** as a Plaintiff in this action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 14, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record